UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CALVIN DUNELL BURNS,
    Plaintiff,

vs.                                          Case No.: 3:22cv10927/LC/ZCB

WARDEN SCOTT MAY, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this prisoner civil rights case under 42 U.S.C. § 1983. (Doc. 1). All Defendants, including both medical and Florida Department of Corrections (FDOC) personnel, moved to dismiss Plaintiff's original complaint. (Docs. 29, 71, 78-82). The Court granted Defendants' motions to dismiss and gave Plaintiff an opportunity to amend his complaint. (Docs. 114, 115, 124, 125). Plaintiff has now filed an amended complaint. (Doc. 126).

Because Plaintiff is an inmate who is proceeding *pro se* and *in forma pauperis*, the Court must screen the amended complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief

1

may be granted, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or an officer or employee thereof). Having reviewed the amended complaint, dismissal is warranted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because Plaintiff has failed to state a plausible claim for relief. *See* 28 U.S.C. § 1915(e)(2)(ii) (providing that a court "shall dismiss the case *at any time* if the court determines that" the action "fails to state a claim on which relief may be granted") (emphasis added).

The allegations in Plaintiff's amended complaint are largely repetitive of, and remain unchanged in all key respects from, his original complaint.[1] For example, the Court previously opined that Plaintiff's deliberate indifference claims against Defendants Lee, Jones, Carranza, and May failed because Plaintiff did not plausibly allege that his claimed injuries were caused by the FDOC Defendants serving him the special management meal loaf. (Doc. 115 at 19-20). Plaintiff's amended

---

[1] Plaintiff removed his claims for monetary damages against FDOC officials in their official capacities and removed his claims under the Americans with Disabilities Act.

2

complaint still admits that Plaintiff chose not to eat the food provided to him before he suffered the alleged injuries. (Doc. 126 at 7) ("I was refusing to eat the regular special management meal because it was not my prescribed diet."). Plaintiff, therefore, has not plausibly alleged the requisite causal connection between the service of the special management meal loaf and his claimed injuries. As a result, he has not stated a deliberate indifference claim against the FDOC Defendants in the amended complaint.

The same is true for Plaintiff's claims against Centurion and Defendant Warden May. The Court's prior opinion advised Plaintiff that his claim against Defendant Warden May failed because Plaintiff did not plausibly allege a policy or custom of Defendant Warden May that caused the alleged injury. (Doc. 115 at 9-11). In the amended complaint, Plaintiff still has not plausibly alleged a policy or custom on the part of Defendant Warden that caused Plaintiff's alleged injuries. Similarly, Plaintiff's claim against Defendant Centurion required factual allegations regarding a policy or custom that caused the violation alleged by Plaintiff. (Doc. 114 at 7-9). But Plaintiff's amended complaint fails to

3

sufficiently identify such a policy or custom of Defendant Centurion. Accordingly, Plaintiff has not stated a plausible claim against Defendant Centurion in his amended complaint.

Plaintiff's allegations against the individual medical Defendants also remain largely unchanged from his prior complaint, which the Court explained was deficient. (*See* Doc. 114 at 11-20). There is nothing in the amended complaint that changes the Court's analysis and conclusion regarding Plaintiff's failure to state a claim against the individual medical Defendants in his original complaint. Thus, Plaintiff's claims against the individual medical Defendants in the amended complaint are subject to dismissal for the reasons previously articulated with respect to the original complaint. (*See id.*).

Although Plaintiff's amended complaint states that Defendant Health Services Administrator (HSA) Rice was "well aware" of Plaintiff's diabetic condition and prescription diet before Plaintiff allegedly passed out (*see* Doc. 126 at 11), Plaintiff provides insufficient facts to substantiate the conclusory statement that Defendant Rice was "well aware." And speculative and conclusory allegations, standing alone, are

4

insufficient to plausibly allege a claim for relief. *See Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1279 (11th Cir. 2017); *see also Thomas v. Poveda*, 518 F. App'x 614, 619 (11th Cir. 2013) (affirming the dismissal of a deliberate indifference claim when the plaintiff did not allege "facts that would show that [the defendant] had subjective knowledge of a risk of harm"). Additionally, as the Court previously advised Plaintiff, once Plaintiff filed a grievance about his complaints, Defendant Rice responded promptly to the grievance by providing the relief Plaintiff requested. Therefore, despite Plaintiff concluding that Defendant Rice was "well aware" of his medical situation, Plaintiff's deliberate indifference claim against Defendant Rice still fails.

And finally, to the extent Plaintiff's amended complaint claims that his *pro se* status exempted him from complying with Florida's statutory pre-suit notice requirements for a medical negligence claim, his argument fails. As the Court previously advised Plaintiff (*see* Doc. 114 at 20-22), Florida law requires that before suing a healthcare provider for medical negligence, a plaintiff must "conduct an investigation of the claim and send the defendant(s) a notice of intent to sue, along with a

5

corroborating opinion by a medical expert." *Johnson v. McNeil*, 278 F. App'x 866, 871 (11th Cir. 2008) (citing Fla. Stat. § 766.203(2)). Dismissal is warranted if a plaintiff has failed to meet these requirements. *See id.* Plaintiff has provided no legal authority for his contention that his *pro se* status excuses him from complying with the notice requirements, nor is the Court aware of any. In fact, Eleventh Circuit case law states the opposite. *See, e.g., Holston v. Dawson*, No. 22-11198, 2023 WL 7485227, at *5 (11th Cir. Nov. 13, 2023) (holding the plaintiff, a *pro se* prisoner, "had to comply with Florida's pre-suit requirements to properly bring [a medical negligence] claim"); *see also, e.g., Morrill v. Holmes Cnty.*, No. 5:15-cv-324, 2017 WL 6330630, at *5 (N.D. Fla. Mar. 23, 2017) ("[A] *pro se* prisoner attempting to bring a medical malpractice claim is nonetheless required to mail the prospective defendants a notice of intent to initiate litigation and a medical expert affidavit.").

In summary, although the Court advised Plaintiff on the relevant law and provided him with an opportunity to amend his complaint to plausibly allege a claim for relief, his amended complaint still fails to do so. Indeed, his amended complaint suffers from the same fundamental

6

flaws as his original complaint. Thus, the amended complaint should be dismissed.[2]

For the reasons set forth above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's amended complaint (Doc. 126) be **DISMISSED** for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and

2. The Clerk of Court be directed to enter judgment and close this case.

At Pensacola, Florida this 31st day of May 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive

---

[2] To the extent Plaintiff's amended complaint asserts state law negligence claims, it is well established that once a plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over any state claims against a defendant. *See Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997); *see also Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).

matters.  *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Objections to these proposed findings and recommendations must be filed within fourteen days of the date of this Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.